Argued and submitted August 28, accused suspended for sixty days
September 19, 1991

In re Complaint as to the Conduct of

Magar E. MAGAR,
*Accused.*

(OSB 88-5, 88-81, 89-5; SC 29172)

817 P2d 289

Anthony W. Furniss, Portland, argued the cause for accused. Accused filed the opening brief *pro se;* with him on the reply brief was Anthony W. Furniss.

Martha Hicks, Assistant Disciplinary Counsel, Lake Oswego, argued the cause and filed the brief for the Oregon State Bar.

PER CURIAM

## PER CURIAM

In this lawyer discipline case, the accused challenges only the sanction imposed on him by a trial panel for violation of the disciplinary rules. We agree with, and therefore sustain, the sanction imposed by the trial panel.[1]

The facts concerning the relevant cause of complaint are agreed, and may be stated briefly: The accused purchased an apartment complex in Kelso, Washington, from the Millers on a land sale contract. The complex subsequently suffered significant fire damage. Western Claims, an insurance company, issued a draft in the amount of $7,000 as partial payment under the policy of insurance on the apartment complex. The check was made payable to the accused and one of the Millers. Miller refused to endorse the draft until such time as the accused furnished proof of certain expenses that he claimed to have made in repairing the premises and that he claimed should be paid out of the draft. (The accused testified that he invited Miller to inspect the premises at any time, but apparently she elected not to inspect.)

Thereafter, the accused endorsed the draft with Miller's name, in spite of the fact that he knew that Miller specifically did not wish him to do so. The endorsement was made in the presence of, and with the full knowledge of, an officer of the accused's bank. The accused had a substantial line of credit with the bank, so he was at all times in a position to "cover" the draft if it were dishonored.

Although he initially argued to the trial panel that his actions did not violate any disciplinary rule, the accused now acknowledges that his unauthorized endorsement on the draft was a violation of DR 1-102(A)(3) (conduct involving dishonesty, fraud, deceit or misrepresentation). We agree that the accused's conduct violated that disciplinary rule. This court has so held on at least two occasions with respect to the unauthorized endorsement of checks. *See In re Boothe,* 303 Or 643, 651, 740 P2d 785 (1987) (lawyer endorsed client's name on check on which lawyer and client were joint payees);

---

[1] Originally, the Oregon State Bar (Bar) charged the accused with five causes of complaint for professional misconduct. The trial panel found him not guilty on four of the charges, and the Bar does not challenge those findings here. We therefore have not reviewed them.

*In re Sassor,* 299 Or 570, 576, 704 P2d 506 (1985) (lawyer endorsed payee's signature on a state property tax refund check without authorization, deposited the funds in his trust account, and then issued a check in the same amount payable jointly to the lawyer's client and the original payee). We find the accused guilty on this charge.

■      The remaining issue is the sanction. The accused argues, in essence, that the only sanction should be a reprimand, because his actions did not harm anyone. This factual position is not self-evident. Certainly, the insurer and the payor bank were given the false impression that one insured had acknowledged partial payment of the insurer's obligation when such acknowledgment had not occurred. But, even if no actual harm befell anyone, that is not to the accused's credit. *See In re Benson,* 311 Or 473, 480, 814 P2d 507 (1991). In any event, the accused misses the point. He negotiated an instrument without authority and forwarded it through his bank (which had notice) to the payor bank and its client (which did not), an act of dishonesty and misrepresentation with respect to the endorsement. Even when dealing for him or herself, and not for any client, a lawyer is one of those "who profess the law, [and thereby] profess honest and dispassionate resolution of conflicts." *In re Hopp,* 291 Or 697, 702, 634 P2d 238 (1981). Self-help of this kind was utterly inconsistent with those professions.

The trial panel majority, after appropriately weighing the various considerations to be applied in a case of this kind, selected a sanction of suspension for sixty days.[2] The Bar agrees that this is an appropriate sanction, as do we.

The accused is suspended from the practice of law for sixty days. The Oregon State Bar is awarded its actual and necessary costs and disbursements. ORS 9.536(4).

---

[2] One member of the trial panel favored a 90-day suspension. Our adoption of the sanction selected by the majority should not be understood as a rejection of the potential applicability of a longer sanction in a case like this one. In our view, either sanction lay within the appropriate range for an ethical violation of the kind committed by the accused.