Argued and submitted January 8, applicant denied admission to practice law in the State of Oregon August 5, 1993

## In the Matter of the Application of

## Joseph E. MONACO,

### for Admission to Practice Law in the State of Oregon.

### (SC S36807)

856 P2d 311

Joseph E. Monaco, *pro se*, argued the cause and filed the briefs.

Lia Saroyan, Assistant Disciplinary Counsel, Lake Oswego, argued the cause and filed the response for the Oregon State Bar.

PER CURIAM

## PER CURIAM

The issue in this case is whether Joseph E. Monaco (Applicant) has established that he has the requisite good moral character for admission to practice law in this state. We find that he has not and, therefore, do not admit Applicant to practice law in the State of Oregon.

On January 5, 1990, the Board of Bar Examiners (Board) filed an opinion and recommendation with this court that the Applicant not be admitted to practice law in Oregon. On February 20, 1990, Applicant filed a Petition for Review of the Board's recommendation. On February 27, 1990, the court referred the matter to the Disciplinary Board for hearing pursuant to *former* Oregon State Bar (Bar) Rule of Procedure (BR) 7.1.[1]

Based on the Bar's Statement of Objections to Applicant's Admission and Applicant's Answer, and amended versions of both, a hearing was held before a three-member trial panel. In a written opinion dated April 21, 1992, the trial panel concluded that Applicant had failed to prove that he has the requisite good moral character as required for admission to the Bar under ORS 9.220(2)(a).[2]

The Board's negative recommendation arose from circumstances surrounding an insurance claim that Applicant

---

[1] *Former* BR 7.1 provided:

"An Applicant who passed the Bar examination, but on other grounds was not recommended for admission, or was conditionally recommended may file a petition for review as provided in Rule of Admission 5.15. If the court considers it appropriate, it may refer the petition to the Disciplinary Board for a hearing to inquire into the applicant's moral character and general fitness to practice law. Written notice shall be given by the State Court Administrator to Disciplinary Counsel and the applicant of such referral."

For convenience, throughout this opinion we will refer to the rules and procedures in effect at the time that this court referred the case to the Disciplinary Board for a hearing, as did the parties. The Bar Rules and the Rules for Admission of Attorneys have since been amended. The amendments do not affect the disposition of this case. *See infra* note 5.

[2] ORS 9.220(2)(a) provides:

"An applicant for admission as attorney must apply to the Supreme Court and show that the applicant * * * [i]s a person of good moral character and fit to practice law."

The words "and fit to practice law" were added by Oregon Laws 1991, chapter 727, section 3. That change does not affect the disposition of this case.

submitted for reimbursement for electronic equipment stolen from his apartment while he was attending law school. The Board concluded:

> "In conclusion, the Board was very troubled by [Applicant's] conduct in connection with the Safeco insurance claim and his explanations and answers to questions regarding that conduct. The Board felt that [Applicant] simply was not candid and forthcoming in his testimony and that there was far more to these transactions and events than he was admitting. We found that some of his explanations for events, rather than revealing an eccentric personality, were both irrational and in conflict with other traits or behavior [that Applicant] exhibited, and thus incredible. We also felt that his consistent reliance on excuses such as 'sloppiness,' 'carelessness,' 'terrible record keeping' and 'personality conflicts' was designed to prevent the complete and accurate explanation for his conduct and the events from emerging.

> "This case turns on the applicant's burden of proof. While the Board is not necessarily convinced that [Applicant] attempted to defraud the insurance company, we are left with substantial doubts about his honesty and his respect for the rights of others. It was [Applicant's] job to dispel these doubts. He failed to do so, and we therefore recommend against his admission."

In the interim between the recommendation of the Board and the hearing before the trial panel, Applicant assisted members of the Weil family, who were in the midst of a legal dispute dealing with a conservatorship for Nina Weil. As a result of Applicant's involvement in that dispute, the Bar also claimed that Applicant had been engaged in the unauthorized practice of law by helping to draft documents and by appearing as an advocate in a legal proceeding.

Applicant attempted to refute the Bar's claims. He offered explanations for apparent inconsistencies in the documentation of his insurance claim. He also testified that neither he nor the members of the Weil family understood that he was engaging in the practice of law. Applicant offered the testimony of several persons who testified that he was trustworthy and of good moral character.

■■ The Bar met its burden of "producing evidence in support of its position that the applicant should not be

admitted to the practice of law," *former* BR 7.6.[3] Therefore, Applicant had the burden to establish by clear and convincing evidence[4] that he has the requisite good moral character and general fitness to practice law and that his admission to the practice of law in this state will not be detrimental to the administration of justice or to the public interest. ORS 9.220(2)(a); *former* BR 7.5.[5] On *de novo* review, BR 10.6, we adopt the conclusions of the trial panel with slight modifications as reflected in the brackets:

"Some of Applicant's actions in connection with the Weil Trust instrument were actions involving unauthorized practice of law. The actions were taken in an honest desire to help a friend but without regard to the limitations [of not having been admitted to practice law in the State of Oregon] placed on Applicant during the pendency of these hearings. In and of itself, the conduct in question [may] not be sufficient to bar Applicant from being admitted to practice. But the actions raise a concern that Applicant does not feel bound by the code of conduct he would be expected to uphold as an attorney.

"Whether Applicant intended to commit insurance fraud is not certain. The Panel does conclude that the evidence is that Applicant knowingly misrepresented matters to the insurance company in connection with his claim (claiming to have receipts he did not have, presenting photocopies of

---

[3] *Former* BR 7.6 provided:

"While an applicant for admission has the ultimate burden of proof to establish good moral character and general fitness to practice law, the Bar shall initially have the burden of producing evidence in support of its position that the applicant should not be admitted to the practice of law."

[4]

" 'Clear and convincing evidence' means evidence establishing that the truth of the facts asserted is highly probable. *In re Johnson*, 300 Or 52, 55, 707 P2d 573 (1985)." *In re Cohen*, 316 Or 657, 659, 853 P2d 286 (1993).

[5] *Former* BR 7.5 provided:

"An applicant for admission to the practice of law in Oregon shall have the burden of establishing by clear and convincing evidence that he or she has the requisite good moral character and general fitness to practice law, and that his or her admission to the practice of law in this state will not be detrimental to the administration of justice or the public interest."

Rule for Admission 9.45(6), as amended April 16, 1993, provides:

"To be entitled to admission to the practice of law in Oregon, an applicant must establish by clear and convincing evidence that she or he has the requisite character and fitness [defined by Rules for Admission 9.10(3) to mean 'good moral character' and fitness] to practice law."

items of questionable origin, not disclosing material facts, and other actions).

"Applicant in his sworn testimony to the Board of Bar Examiners and this Trial Panel has failed to exhibit full candor in explaining the facts and circumstances behind his actions and the alleged 'receipts.' The Panel believes Applicant has not sustained his burden of proof that he is of good moral character, and Applicant should not be admitted to the Bar."

■ Applicant also argues that it is unconstitutional to place the burden on him to prove that he is of good moral character. Applicant does not cite specific constitutional texts, and we are not persuaded by Applicant's argument. We note that the Supreme Court of the United States has stated that a California rule "that an applicant for admission to the bar bears the burden of proof of 'good moral character' " is "a requirement whose validity is not, nor could well be, drawn in question here." *Konigsberg v. State Bar of California*, 366 US 36, 41, 81 S Ct 997, 6 L Ed 2d 105 (1961). We are not convinced that a different conclusion should apply under the Oregon rule.

We have reviewed Applicant's other claims and find that they do not change the disposition of this case.

Applicant is denied admission to practice law in the State of Oregon.