Submitted on record and brief March 1, admission denied April 27, decision withdrawn by order June 24, 2006 (341 Or 81)

In the Matter of the Application for
Admission to Practice Law of:

STEPHEN JOSEPH KOPER,
*Applicant.*

(SC S53008)

134 P3d 936

Stephen Joseph Koper, *pro se*, filed the brief for applicant.

No appearance *contra*.

PER CURIAM

## PER CURIAM

■ The issue in this case is whether Stephen Joseph Koper (applicant) has proved by clear and convincing evidence that he presently possesses the moral character and fitness necessary for admission to the Oregon State Bar. On *de novo* review, we conclude that applicant has not proved that he possesses the requisite character and fitness to practice law in this state. Accordingly, we deny applicant admission to the practice of law in the State of Oregon.

In 1997, while applicant was driving through Rhode Island, two state troopers observed applicant's vehicle traveling at a speed of 121 miles per hour on a highway with a posted speed limit of 55 miles per hour.[1] The troopers began pursuing applicant and activated their emergency lights. Applicant failed to yield immediately and, according to the police report, began driving in "an erratic manner[,] cross[ing] all four lanes of traffic causing several motorists to slow abruptly * * * to avoid [a] collision." Applicant eventually stopped his vehicle and when the troopers approached the stopped vehicle, one of them "noticed the odor * * * of burnt marijuana" and observed a marijuana cigarette in applicant's ash tray. The troopers arrested applicant and he was charged with reckless driving, eluding a police officer, and possession of marijuana. All those charges were misdemeanors under Rhode Island law. While represented by a lawyer, applicant pleaded *nolo contendere* to the charges of eluding a police officer and possession of marijuana, and the charge of reckless driving was dismissed. Based upon his convictions, applicant was sentenced to one year of probation and was fined. On two other occasions, applicant was cited for speeding while in Massachusetts, once in 1997 and again in 1999.

When applying to law school, applicant filled out a law school application, which asked:

---

[1] We take the facts from the record, which included applicant's law school application, his application for admission to the Bar, the transcripts of applicant's two interviews before the Board of Bar Examiners (the Board), police reports and court documents from Rhode Island, applicant's Massachusetts driving record, and two letters from the Board.

"Have you been charged, convicted, or forfeited bond or bail in any court proceeding of a criminal nature (including major traffic offenses)?"

Applicant answered "no" to that question. Applicant was admitted to law school and graduated in 2005.

Applicant applied for admission to the Oregon State Bar. That application asked:

"Including any charges, arrests, or convictions that may have been expunged, except expunged juvenile matters, have you ever been arrested for or convicted of violating a law including any municipal ordinance? This includes traffic violations and any unpaid parking tickets."

In the event of a "yes" answer to that question, the application further directed applicant to "attach a separate sheet of paper * * * with a full explanation of the circumstances which required that you give an affirmative answer[.]" Applicant did answer "yes" to the question but disclosed only that,

"I have not had any traffic infractions or parking tickets, to my knowledge[,] in Oregon.

"I believe I had one accident that resulted in an infraction and one 'no-fault' accident while licensed in Massachusetts. I do not recall the specific dates of these or any other infractions or tickets I have gotten.

"To the best of my knowledge I do not have any outstanding/unpaid parking tickets in any jurisdiction."

Applicant made no mention of his arrest, his misdemeanor charges and convictions from Rhode Island, or his speeding tickets from Massachusetts. To complete his application, applicant signed an affidavit, swearing that,

"3. I fully realize that the determination of whether I may be allowed to practice law in Oregon depends on the truth and completeness of my answers in this application and the information furnished with it;

"4. I have read the foregoing application and the answers which I have given in it are true and complete[.]"

Applicant took and passed the Multistate Professional Responsibility Examination and the July 2005 Bar

Examination. While conducting applicant's character investigation, the Oregon State Board of Bar Examiners (the Board) discovered applicant's failures to disclose relevant charges and convictions both on his law school application and on his Bar application. To give applicant an opportunity to explain the circumstances of his past charges and convictions and his failures to disclose them, the Board invited applicant to two interviews.

Applicant attended both interviews and offered several explanations for the omissions on his law school and Bar applications. To explain his failure to disclose his two Massachusetts speeding tickets, applicant claimed that he did not remember receiving those tickets. Regarding his failure to disclose the Rhode Island arrest, charges, and convictions, applicant initially claimed that he "hurried" to complete the Bar application and mistakenly failed to list the Rhode Island incident. Applicant also asserted that he "misunderstood the question and * * * thought that it applied to crimes rather than charges[.]" Applicant added that he thought he was a minor at the time of conviction and that the question only required disclosure of adult charges or convictions. Applicant then claimed that he misunderstood the nature of his *nolo contendere* pleas, believing that they did not qualify as convictions. Applicant eventually settled on a two-part explanation that, when he read the questions on the law school and Bar applications, he focused on the part of the questions asking about convictions and failed to understand that he was being asked to disclose arrests and charges as well. Based upon that mistaken understanding, he asserted that he answered "no" on the law school application and failed to accurately answer the question on the Bar application because he did not think his *nolo contendere* pleas were convictions.

In a letter to this court regarding applicant's statements at the interviews, the Board noted,

> "[applicant's] responses could be viewed in two ways: Either he read and understood the question on the bar and law school applications and deliberately answered them falsely, or he was extremely negligent and careless in the manner in which he filled out both of those applications. If the first is the case, then the Board has concerns about [applicant's]

character. If the latter is the case, then the Board has concerns about [applicant's] fitness to practice law."

We find that assessment of the situation to be accurate.

The Board, however, ultimately concluded that applicant's "conduct did not appear to be indicative of character problems that were sufficient to disqualify him in light of recent decisions of the court."[2] Based upon that conclusion, the Board recommended that applicant be conditionally admitted to the Bar.[3] We do not agree with that conclusion and recommendation.

■ Among other requirements, an applicant for admission to the Bar must show that he "[i]s a person of good moral character and fit to practice law." ORS 9.220(2)(a). An applicant must prove by clear and convincing evidence that he has the requisite good moral character. *In re Rowell*, 305 Or 584, 588, 754 P2d 905 (1988). An applicant has satisfied his burden of proof if he can show that it is "highly probable" that he has good moral character. *In re Monaco*, 317 Or 366, 370 n 4, 856 P2d 311 (1993). "Any significant doubts about an applicant's character should be resolved in favor of protecting the public by denying admission to the applicant." *In re Jaffee*, 319 Or 172, 177, 874 P2d 1299 (1994). An applicant's failure to disclose fully and candidly relevant character and fitness information provides sufficient grounds for this court to deny that applicant admission to the Bar. *In re Bernath*, 327 Or 422, 427, 962 P2d 685 (1998).

This court has decided numerous cases in which it has denied an applicant admission to the Bar when the applicant had engaged in some questionable prior conduct and either failed to disclose that conduct or failed to explain candidly the conduct when asked to do so. *See Monaco*, 317 Or at 368-71 (filed fraudulent insurance claim and failed to explain truthfully his conduct to Board); *see also Bernath*, 327 Or at 426 (suspended from California Bar, engaged in fraudulent conduct involving a client, and failed to disclose those facts to

---

[2] The Board did not cite those cases.

[3] Those conditions would have required applicant to take additional continuing legal education courses in legal ethics and take a skills course offered by the Professional Liability Fund.

the Board). Where an applicant is denied admission for failure to disclose prior relevant conduct, often it is the lack of candid disclosure that prevents the applicant's admission, not the nature of the prior conduct itself.

This is such a case. Applicant had some prior lapses in judgment and was arrested and charged with three misdemeanors. He later was convicted of two of those charges by a plea of *nolo contendere*. He also was cited for various minor traffic offenses. The Board stated that it did not believe that those misdemeanors and infractions, standing alone, "would have seriously called into question [applicant's] character and fitness to practice law." We agree with that conclusion. However, we conclude that applicant lied on his law school application when he answered "no" to a question that asked whether he had ever been "charged [or] convicted * * * in any court proceeding of a criminal nature (including major traffic offenses)." Furthermore, applicant failed to disclose accurately his past conduct when he answered the question on his Bar application that asked whether he had "ever been arrested for or convicted of violating a law including any municipal ordinance." Finally, applicant displayed a troubling lack of candor during his Board interviews when called upon to explain his lack of disclosure. He offered several conflicting and rambling explanations for the omissions on his applications, none of which were particularly credible. Applicant's lack of disclosure and candor causes us to doubt seriously whether he presently possesses the necessary good moral character and fitness to be admitted to the practice of law in this state. In recognition of those doubts, we must deny him admission to the Bar at this time.

We do not hold, however, that applicant can never be eligible for admission to the Bar. Although we conclude that he has failed to establish that he presently has the required moral character and fitness for admission, he may, at some time in the future, be able to demonstrate with the requisite degree of persuasiveness that his admission is justified. *See Rowell*, 305 Or 588-93 (describing elements considered to determine whether applicant presently possesses good character); *see also In re Griffith*, 323 Or 99, 107-13, 913 P2d 695 (1996) (describing elements considered to determine whether an applicant has reformed). Therefore, we presently deny

applicant's request for admission to practice law with leave to reapply after one year.

Admission denied.